UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    )<br>        Respondent, )<br>    vs. )<br>    )<br>DOUGLAS LEE THAYER, )<br>    )<br>        Petitioner. )<br>    ) | Case No.: 2:21-cr-00053-GMN-VCF-1<br><br>**ORDER** |

Before the Court are Petitioner Douglas Lee Thayer's Second Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 ("Second § 2255 Motion"), (ECF No. 209), and Motion for Reconsideration Under Rule 60(b)(4), (ECF No. 210).

A brief recap of the procedural background of this case is helpful to understanding Petitioner's Motions. Petitioner filed his First Motion to Vacate, Set Aside, or Correct Sentence Under § 2255 ("First § 2255 Motion") raising 11 claims, (ECF No. 168), to which the Government filed a Response, (ECF No. 177). After the Government filed its Response, the Court received 15 Memorandums from Petitioner, dated before and after the day the Government filed its Response, expanding on the arguments he raised in his First Motion to Vacate, Set Aside, or Correct Sentence Under § 2255. (Mems., ECF Nos. 179–183, 185–188, 190–193). Petitioner's supplemental filings raised multiple concerns.

First, Petitioner deprived the Government of an opportunity to respond to his arguments by gradually submitting separate filings. Second, Local Rule 7-2 dictates "a motion and supporting memorandum of points and authorities" must "be combined into a single document that complies with the page limits in Local Rule 7-3." In total, Petitioner's First § 2255 Motion and Memorandums comprised 16 separate filings in violation of Local Rule 7-2. Third, and

related to the second, Local Rule 7-3 limits Petitioner's motions to 24 pages unless he files a motion for leave to file excess pages.  Petitioner's numerous filings exceeded this limit, and he did not file the requisite motion for leave to excess pages to permit this violation.  Considering these concerns, the Court entered a Minute Order denying his First Motion to Vacate Set Aside, or Correct Sentence Under § 2255 without prejudice and setting a deadline for Petitioner to refile his motion in a single document in compliance with this Court's Local Rules. (Min. Order, ECF No. 189).

   The Court's Minute Order did not address the merits of Petitioner's arguments.  It merely identified procedural technicalities which prevented the Court from considering Petitioner's underlying substantive arguments.  Despite the Court giving Petitioner leave to refile his motion, he filed a Notice of Objection by Declaration of Prejudice, Discrimination, Indifference, Stemming From Ex Parte Communications and Issuance of Orders Without Providing Notice and Opportunity to be Heard, (ECF No. 203), alleging that the Government engaged in improper ex parte communications with the Court.  Petitioner alleged that these ex parte communications culminated in the Court entering its Minute Order dismissing his First Motion to Vacate Set Aside, or Correct Sentence Under § 2255 without giving him an opportunity to respond.

   The Court recognized Petitioner's frustration with the timing of the Court's ruling but disagreed with the arguments underlying his Notice of Objection. (Min. Order, ECF No. 205).  The Court has not had ex parte communication with the Government.  And while the Court understood Petitioner's desire to file a response, it noted that its ruling was based on the plain language of its Local Rules. (*Id.*).  The Court did not and does not require additional briefing to address the meaning of the Local Rules as applied to this case—Petitioner's violations, whether good faith or not—were clear.  Finally, the Court noted that Petitioner's arguments, while likely well-intentioned, were misplaced because the Court gave him leave to refile his claims. (*Id.*).

In other words, the Court conveyed to Petitioner that he should refile his original motion *in its entirety*, and merely advised him to use the proper form.

Petitioner then filed a Motion for Reconsideration Under Rule 60(b)(4) and his Second Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. Petitioner's Motion for Reconsideration raises the same arguments as his Notice of Objection. For the reasons stated above, the Court finds reconsideration of its orders is not warranted. Petitioner's Second § 2255 Motion raises only one ground for relief. (Second § 2255 Mot.). That is 10 fewer arguments than Petitioner raised in his First § 2255 Motion. (*Compare* First § 2255 Mot. *with* Second § 2255 Mot.). The Court does not know if Petitioner has abandoned these 10 claims, nor does it desire him to potentially waive these claims by not raising them. Just as fairness dictates that the Government have an opportunity to respond to Petitioner's claims, so does it compel the Court to advise Petitioner that he may lose the ability to waive grounds for relief he does not bring here.

Accordingly, the Court will deny without prejudice Petitioner's Second Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. The Court advises Petitioner to file *one* and only one complete Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, in a *single* filing, that contains *all potential ground*s he believes entitle him to relief, with all necessary exhibits attached to that filing. Petitioner is directed to contemporaneously file a motion for leave to file excess pages if his motion exceeds the 24-page limit under Local Rule 7-3. Petitioner shall have until May 1, 2024, to file this motion.

Finally, the Court notes that this procedural dispute has spanned four months. This prolonged issue has led the Court to carefully consider whether the appointment of counsel is warranted. There is no constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to

appoint counsel in post-conviction proceedings rests with the discretion of the district court. *United States v. Harington*, 410 F.3d 598, 600 (9th Cir. 2005).  Petitioner has shown he is able to present his claim articulately and adequately.  This would normally militate against appointing counsel.  However, Petitioner's filings evince a continued misunderstanding of the Court's previous orders.  To ensure Petitioner can bring all his claims in a timely manner and conserve both his resources and that of the Court, the Court finds the appointment of counsel could be helpful if Petitioner so desires.  Petitioner shall have until April 15, 2024, to notify the Court if he does not desire the appointment of counsel.

In short, Petitioner's Second Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, (ECF No. 209), is **DENIED without prejudice**, and his Motion for Reconsideration, (ECF No. 210), is **DENIED**.

**IT IS THEREFORE ORDERED** that Petitioner shall have until April 15, 2024, to notify the Court if he does not desire the appointment of counsel.

**IT IS FURTHER ORDERED** that Petitioner shall have until May 1, 2024, to refile his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

The Clerk of Court is instructed to mail a copy of this Order to Petitioner's address listed on the docket.

**DATED** this __15__ day of March, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT